414 A.2d 393

**COMMONWEALTH of Pennsylvania,**

v.

**Peter SHELBO, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 28, 1979.

Filed Nov. 16, 1979.

Renald S. Baratta, Easton, for appellant.

James J. Narlesky, Assistant District Attorney, Easton, for Commonwealth, appellee.

Before HOFFMAN, EAGEN and HESS, JJ.*

PER CURIAM:

Peter Shelbo, appellant, was tried before a jury in the Court of Common Pleas of Northampton County and convicted of murder of the second degree, robbery and conspiracy. Judgments of sentence were imposed. This appeal from the judgment imposed for murder followed.[1]

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania and Judge WARREN K. HESS of the Court of Common Pleas of Berks County, Pennsylvania, are sitting by designation.

1. No appeal was filed from the judgments imposed on the other convictions, and, accordingly, we shall not consider those judgments.

558

■ Shelbo argues the evidence is insufficient to support the conviction for murder of the second degree.[2] The test of sufficiency of evidence is whether accepting as true all the evidence, together with all reasonable inferences therefrom upon which the jury could properly have based its verdict, such evidence and inferences are sufficient in law to prove guilt beyond a reasonable doubt. *Commonwealth v. Carbonetto*, 455 Pa. 93, 314 A.2d 304 (1974). So viewed, the evidence established that, on September 10, 1977, at approximately 3:45 a. m., David Spangenberg was found dead in a store at Thomas Avenue and Main Street, Hellertown, Pennsylvania. Death was caused by a gunshot wound in the head inflicted by a .38 caliber weapon.

■ Shelbo traveled to the store in an automobile twice during the early morning hours of September 10, 1977, with the expressed intention of committing a robbery there, but left without doing so because the store was busy. At 3:25 a. m. on that day, Shelbo returned to the store, and, after telling his companion to get into the driver's seat of the vehicle and await his return, approached the store. When a car pulled up next to his, he returned to his car and went for a short drive. At approximately 3:30 a. m., Shelbo returned to the store, again instructed his companion to get into the driver's seat, told the companion to drive to the side of the store and await his return, indicated he was not going to wear a mask because "he knew that he was going to do," and, entered the store. Shortly thereafter, he returned to the car with a paper bag containing ninety-eight dollars under his arm and a .38 caliber gun in his hand. Spangenberg had recently been introduced to Shelbo. Finally, Spangenberg had been seen alive at 3:20 a. m.

Clearly this evidence is sufficient to support the convictions.

■ Next, Shelbo argues the trial court erred in denying a motion to suppress a .38 caliber special silver revolver.

**2.** Shelbo improperly frames this issue as whether the court erred in not granting a demurrer and in not directing a verdict of acquittal. *See Commonwealth v. Ilgenfritz*, 466 Pa. 345, 353 A.2d 387 (1976).

Shelbo asserts: (1) that the revolver was not shown to have been recently fired: (2) that the affidavit supporting the search warrant was invalid because "it recited information which had not been sustained and was not sustained," i. e. because the warrant authorized seizure of a gun, a cloth, and cash register slips and only the gun was found; and, (3) that he was not shown to have had possession of the gun.

The first and third reasons advanced for finding error in the court's order are not proper bases on which to seek suppression. Further, a search need not be wholly successful to be legal, and Shelbo otherwise concedes the validity of the warrant and supporting affidavit. Accordingly, this argument is devoid of merit.

■ Finally, while conceding the court's charge to the jury was not inconsistent or contradictory and while conceding the evidence was properly summarized, Shelbo argues the charge to the jury was improper because of "heavy emphasis on the law of murder" and "equally heavy explanation thereof." The charge is not alleged to be erroneous in any way and, accordingly, this issue is also without merit.

Judgment of sentence affirmed.